```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NOBLES CONSTRUCTION, L.L.C.                CIVIL ACTION

VERSUS                                     NO: 11-2616

PARISH OF WASHINGTON, ET AL.               SECTION: J(2)
```

## ORDER AND REASONS

Before the Court are Defendants Leo Lucchesi, Richard N. Thomas, Jr., and Washington Parish's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) **(Rec. Doc. 19)**, Plaintiff Nobles Construction, L.L.C.'s Memorandum in Opposition to same **(Rec. Doc. 23)**, and Defendants' Reply Memorandum **(Rec. Doc. 29)**. Defendant Landworks, Inc., also moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on separate grounds, or in the alternative, requests the Court to abstain from hearing this matter **(Rec. Doc. 22)**. Plaintiff has filed a written opposition to this motion **(Rec. Doc. 37)**, as well, to which Defendant Landworks, Inc. has replied **(Rec. Doc. 43)**. The motions are before the Court on supporting memoranda, and without oral argument.

1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This civil action arises out of a local government's decision to award a landfill operation contract to one company over another. In July 1995, Washington Parish, Louisiana, and the City of Bogalusa, Louisiana, entered into a joint venture to acquire and operate the Choctaw Road Landfill, a type-II solid waste disposal facility located in Franklinton, Louisiana. In December 2000, Washington Parish and the City of Bogalusa executed a contract with a company called Landworks, Inc. ("Landworks"), under which Landworks was granted the exclusive right to operate the Choctaw Road Landfill. This contract was set to expire by its own terms on June 1, 2011. Anticipating the expiration of the contract, in March 2011, Washington Parish and the City of Bogalusa issued a new Request for Proposal ("RFP") for the operation, management, and maintenance of the Choctaw Road Landfill, as well as a subsequent RFP addendum on April 7, 2011. One of the five companies that submitted a bid for the contract was the Plaintiff in this case, Nobles Construction, L.L.C. ("Nobles").

On June 17, 2011, the contract was re-awarded to Landworks. Nobles filed the instant lawsuit in federal court three months later against the following six defendants: Washington Parish; Richard N. Thomas, individually, and as the President of Washington Parish; Leo Lucchesi, individually, and as the

Director of Public Works for Washington Parish; the City of Bogalusa; Charles E. Mizell, individually, and as the Mayor of the City of Bogalusa; and Landworks (collectively, "Defendants"). In its complaint, Nobles claims that it made the lowest responsive bid in the RFP process, and thus, under the Louisiana Public Bid Law, La. Rev. Stat. § 38:2211, et seq., it should have been awarded the Choctaw Road Landfill contract, instead of Landworks. It additionally alleges that the Parish and City officials named in this suit permitted the president of Landworks to serve on the Parish's Solid Waste Committee during the preparation of the RFP specifications and improperly colluded with Landworks to ensure that it would have the opportunity to submit the best bid. In particular, Nobles alleges that the RFP panel arbitrarily and capriciously overlooked material omissions in Landworks' proposed bid; awarded it additional "points" based on arbitrary, subjective criteria that were not explained in the RFP; granted it an opportunity to revise its initial bid; and changed certain material terms of the contract originally attached to the RFP after accepting Landworks' bid. Nobles further alleges that it was not provided notice of the fact that it was actually the lowest bidder on the Choctaw Road Landfill contract or of any alleged deficiencies in its proposals, and that it was not afforded the opportunity for a hearing on these issues before the contract was awarded to Landworks.

Based on these allegations, Nobles seeks (1) a declaratory judgment stating that Defendants violated the Louisiana Public Bid Law by failing to award it the contract, in addition to a writ of mandamus rescinding the Choctaw Road Landfill contract and awarding it to Nobles instead; (2) damages, attorney's fees, and expert fees pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, based upon the alleged violation of its procedural and substantive due process rights guaranteed by the Fifth and Fourteenth Amendments; and alternatively, (3) a declaratory judgment finding that the contract violates the Washington Parish Charter, and a writ of mandamus rescinding it.

**PARTIES' ARGUMENTS**

Defendants have filed two motions seeking dismissal of each of the aforementioned claims.  In the first motion, Washington Parish, Thomas, and Lucchesi ("Parish Defendants") submit that Nobles's Section 1983 claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  They argue that these claims are foreclosed as a matter of law by the Fifth Circuit's holding in Marco Outdoor Advertising, Inc. v. Regional Transit Authority, 489 F.3d 669 (5th Cir. 2007), in which the court held that the failure of a local government entity to award a public contract in accordance with the requirements of the Louisiana Public Bid Law does not give rise to either a substantive or procedural due process

violation. Next, the Parish Defendants argue that the remainder of Nobles's claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. They point out that each of these claims arise wholly under Louisiana law, and that the only jurisdictional basis for this Court to hear these claims is supplemental jurisdiction under 28 U.S.C. § 1367. Because the only claims over which the Court has original jurisdiction must be dismissed, the Parish Defendants argue that the Court should decline to exercise supplemental jurisdiction over these purely state-law claims.

In the second motion, Defendant Landworks argues that dismissal is alternatively proper because non-exclusive public services contracts are not subject to the requirements of the Louisiana Public Bid Law, and thus Nobles's complaint fails to state a claim upon which relief can be granted. To the extent the Court disagrees, however, Landworks argues that dismissal is still proper for the reasons expressed in the Parish Defendants' motion. Finally, should the Court be disinclined to dismiss this matter based on either of the foregoing arguments, Landworks argues that the Court should nonetheless refrain from deciding this matter under the Burford abstention doctrine.

In response, Nobles argues that neither motion has merit. First, contrary to Landworks's assertions, Nobles contends that the contract at issue is subject to the Louisiana Public Bid Law.

It explains that the RFP invited bids for a contract for the "sole and exclusive franchise, license and privilege" to operate the landfill.[1]  Because the Choctaw Road Landfill contract incorporates by reference the terms of the RFP, Nobles argues that the contract must be advertised and awarded in accordance with the Public Bid Law pursuant to La. Rev. Stat. § 33:4169.1(A)(2).[2]

Finally, Nobles maintains that the Parish Defendants' reliance on the Fifth Circuit's holding in Marco is misplaced, because the facts of the instant case are distinguishable, in that the Defendants' behavior in this case was more egregious than what was alleged in Marco.  As such, it argues that it has sufficiently alleged a substantive due process claim, and that the interests of justice justify the maintenance of federal oversight over this case.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal where a plaintiff fails "to state a claim

---

[1]  Plaintiff's Memorandum in Opposition, Rec. Doc. 37, p. 8.

[2]  This statute provides that "[a]ny exclusive franchise [for garbage and trash collectors and disposers] shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law."  LA. REV. STAT. § 33:4169.1(A)(2).

upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33; Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. Id. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be

7

dismissed. Jones v. Bock, 549 U.S. 199, 215 (2007); Twombly, 550 U.S. at 555; Carbe v. Lappin, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**DISCUSSION**

The resolution of Defendants' motions turns primarily on whether Nobles has stated any viable Section 1983 claim. In order to state a valid Section 1983 claim, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Nobles contends that it has adequately pled two Section 1983 claims, one based on the violation of its procedural due process rights, and another based on the violation of its substantive due process rights.

**A. Procedural Due Process**

Procedural due process "imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). In order to state a valid procedural due process claim, a plaintiff must allege (1) the deprivation of a protected property or liberty interest, and (2) that the deprivation occurred without due process of law. See Grimes v.

Pearl River Valley Water Supply Dist., 930 F.2d 441, 444 (5th Cir. 1991).

The Louisiana Public Bid Law requires that political subdivisions award contracts for public works or purchases of supplies or materials to the lowest responsible bidder. LA. REV. STAT. § 38:2212. Courts have held that this statute creates a vested property right in favor of the lowest responsible bidder in the advertised contract. See Haughton Elevator Div. v. State Div. of Admin., 367 So. 2d 1161, 1165 (La. 1979); Nolan Contracting, Inc. v. Reg'l Transit Auth., 651 F. Supp. 23, 26 (E.D. La. 1986); Williams v. Bd. of Supervisors, 388 So. 2d 438, 441 (La. Ct. App. 1980). Before depriving an individual of a protected property interest, procedural due process requires a state to provide the property owner notice and an opportunity to be heard. Sys. Contractors Corp. v. Orleans Parish Sch. Bd., 148 F.3d 571, 575-76 (5th Cir. 1998). However, it is axiomatic that no due process violation occurs if the Public Bid Law is inapplicable, because the bidder would otherwise have no legally enforceable right to be awarded the contract, and thus no property right would be created.

Here, the parties disagree whether the Choctaw Road Landfill contract is subject to the requirements of the Louisiana Public Bid Law. However, the Court finds that it is unnecessary to decide this question, because even if Nobles has a vested

9

property interest in this contract by virtue of the Louisiana Public Bid Law, Nobles fails to allege that Louisiana law did not provide an adequate procedural remedy for the alleged deprivation.  See Marco, 489 F.3d at 671 (finding it unnecessary to decide whether Public Bid Law applies in light of conclusion that Louisiana law affords aggrieved bidder due process).

In Marco, the plaintiff, an unsuccessful bidder, sued the Regional Transit Authority ("RTA"), alleging that its procedural and substantive due process rights had been violated when the RTA had failed to award it the contract at issue.  Id. at 671-72.  The district court found that the Public Bid Law did not apply to the contract, and thus concluded that the plaintiff had no vested property interest and could not allege a viable due process claim.  The plaintiff appealed, arguing that the district court had erred in finding the Public Bid Law inapplicable.  On appeal, however, the Fifth Circuit found it unnecessary to decide this issue, because even if the Public Bid Law was applicable, giving the plaintiff a protected property right, Louisiana law nonetheless provided an adequate procedural remedy to challenge any deprivation that may have occurred.

The Marco court found that the Louisiana Public Bid Law afforded unsuccessful bidders adequate notice and the opportunity to be heard, as required under the Supreme Court's procedural due process jurisprudence.  The court explained that constitutionally

sufficient notice is provided when the governmental authority "announces a contract award, which puts losing bidders on notice that they will be deprived of any alleged property interest in the bid if they fail to take further action." Id. at 674. Furthermore, the statute explicitly authorized an unsuccessful bidder to seek immediate injunctive relief in a Louisiana state court to enjoin the execution of an unlawfully awarded contract. Id. at 674-75. Finding these safeguards sufficient to satisfy any procedural due process concerns, the Court held that the claim was properly dismissed.

Here, the reasoning of Marco effectively forecloses the notion that Nobles was deprived of any property interest it may have had in the Choctaw Road Landfill contract without procedural due process.[3] Accordingly, based on this authority, the Court

---

[3] The Court notes Nobles's allegations that Defendants violated its procedural due process rights by failing to provide either a notice of or a hearing in which to contest the specific alleged deficiencies in its bid proposal. With respect to the former, however, Marco implicitly rejected the notion that the "notice" required by due process extends to this level of detail. Instead, as was noted above, Marco held that constitutionally sufficient notice is provided when the governmental agency simply "announces a contract award, which puts losing bidders on notice that they will be deprived of any alleged property interest in the bid if they fail to take further action." Marco, 489 F.3d at 674. Furthermore, due process not require that Nobles be granted a hearing to contest any of the RFP's findings regarding the deficiencies of its bid before the contract is awarded. See Sys. Contractors Corp, 148 F.3d at 575-77 (holding that procedural due process did not require school board to provide formal written notice of specific reasons for disqualifying contractor from RFP bidding process or an opportunity to contest those charges prior to contract being awarded).

concludes that Nobles has failed to state a valid procedural due process claim.

### B. Substantive Due Process

Despite its failure to allege a viable procedural due process claim, Nobles contends that it has alleged a Section 1983 claim based on the violation of its substantive due process rights. In contrast with procedural due process, the right to substantive due process prohibits "arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). In order to state a viable substantive due process claim, the plaintiff must plead facts that "demonstrate that the state official acted with culpability beyond mere negligence." McClendon v. City of Columbia, 305 F.3d 314, 325 (5th Cir. 2002). The Fifth Circuit has repeatedly emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 325-26 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)) (internal quotations omitted). Only an abuse of power that "shocks the conscience" is actionable through a substantive due process claim. Id. at 326 (quoting Cnty. of Sacramento, 523 U.S. at 486).

Here, the Court finds that Nobles's substantive due process

claim is also barred by the Fifth Circuit's holding in Marco. The Marco plaintiff alleged that his substantive due process rights were violated when the RTA arbitrarily and capriciously awarded the contract at issue to an inferior bidder, just as Nobles alleges here.  489 F.3d at 673 n.3.  The plaintiff specifically alleged that the RTA had colluded with the inferior bidder, awarded it extra "subjective" points based in part on criteria that it had previously stated would not be used, and allowed it to submit a new bid, all in a calculated effort to ensure that its bid would be the most favorable bid.  Id. at 671-72, 677.  On appeal, the Fifth Circuit held that, as a matter of law, this conduct did not "shock the conscience," noting that no other court had ever found a substantive due process violation under similar circumstances.  As such, it affirmed the district court's judgment dismissing the claim.

Here, Nobles seeks to distinguish the instant case from Marco, arguing that here, the degree of collusion and preferential treatment that was afforded to Landworks exceeds that presented in Marco.  As an initial matter, the Court is not persuaded that the facts alleged here are materially different from the plaintiff's allegations in Marco.  Although there are a few factual distinctions, the Court finds that none of these distinctions make a legal difference, as they do not demonstrate conduct sufficiently egregious to rise to the level of shocking

the conscience.[4]  Accordingly, Nobles fails to state a viable substantive due process claim, as well.[5]

### C. Remaining Claims

Having dismissed the only federal claim, Defendants urge the Court to exercise its discretion to dismiss the remaining state-law claims.  A district court may decline to exercise supplemental jurisdiction where it has dismissed all other claims over which it had original jurisdiction. Priester v. Lowndes Cnty., 354 F.3d 414, 425 (5th Cir. 2004) (citing 28 U.S.C. § 1367(c)(3)).[6]  Under 28 U.S.C. § 1367(c)(3), a district court

---

[4]  See, e.g., Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165 (3d Cir. 1997) (concluding that contractor failed to establish substantive due process violation based on city water and sewer authority's unlawful decision to award the contract to a company with a higher bid, even where city took affirmative steps to prevent the contractor from obtaining the contracts at issue, in violation of existing consent decree, and rejected each of contractor's bids without explanation); Rutherford v. Anderson, 999 F.2d 540, at *2 (6th Cir. 1993) (unpublished opinion) (plaintiff's allegation that several state officials conspired with each other to deprive him of his property interest in several municipal contracts did not "shock the conscience" and thus did not state a substantive due process claim); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 35 (6th Cir. 1992) (official's decision to consider untimely challenges to bid specifications in RFP process and to reopen bidding process after plaintiff had already been determined to have made the winning bid did not shock the conscience).

[5]  Although the City of Bogalusa and Charles Mizell have not joined in their co-defendants' motions, the Court finds that Nobles fails to state any viable Section 1983 claim against them for the same reasons expressed above.

[6]  It appears clear and the parties do not dispute that the only jurisdictional basis for the remaining claims is

should consider the following factors in deciding whether to exercise supplemental jurisdiction over remaining state law claims:  whether the claim raises a novel or complex issue of state law; whether the state law claims predominate; whether the district court has dismissed all of the claims over which it had original jurisdiction; and whether there are other compelling reasons for declining jurisdiction.

Here, the Court finds that the factors cited above militate in favor of declining to exercise supplemental jurisdiction over the remaining state-law claims.  The Court has dismissed the Section 1983 claims, the only claims over which the Court had original jurisdiction. The remaining claims involve only issues of state law, including the interpretation of the Washington Parish Charter.  Interests of comity counsel that these claims are more properly decided by a Louisiana state court.  See Houlton Citizens' Coalition v. Houlton, 175 F.3d 178, 192 (1st Cir. 1999) (holding that district court should have dismissed without prejudice a claim involving interpretation of a town's charter because it raised a difficult and novel state law question).  Furthermore, the fact that this case has not

---

supplemental jurisdiction.  The remaining claims arise under state law, instead of federal law, and there is no diversity jurisdiction because both Nobles and each of the Defendants are domiciled in the state of Louisiana.  See Complaint, Rec. Doc. 1, pp. 2-3, ¶ ¶ 4-10.  Furthermore, the federal Declaratory Judgment Act does not provide an independent basis of federal jurisdiction. See Vaden v. Discover Bank, 556 U.S. 49 (2009).

proceeded beyond the motion-to-dismiss stage weighs in favor of the Court declining to exercise supplemental jurisdiction.  See Harrison v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., 2005 WL 517342, at *6 (E.D. La. Feb. 24, 2005) (declining to exercise supplemental jurisdiction where court had not addressed the merits of plaintiffs' state law claims and any discovery that had been done could also be utilized in state court).  Accordingly, all remaining state law claims will be dismissed without prejudice.

## CONCLUSION

Accordingly, for the reasons expressed above, **IT IS ORDERED** that the Parish Defendants' Motion to Dismiss **(Rec. Doc. 19)** and Defendant Landworks, Inc.'s Motion to Dismiss **(Rec. Doc. 22)** are both hereby **GRANTED**.  Plaintiff's Section 1983 claims are hereby dismissed with prejudice as to all Defendants named herein, and all remaining state law claims are dismissed without prejudice.

New Orleans, Louisiana, this 18th day of May, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE